Bell, J.,
dissenting. As pointed out in the majority opinion herein, this court has clearly recognized an exception to the independent-contractor rule, in that one who can lawfully operate only under a public franchise, i. e., an I. C. C. *138 or P. U. C. O. permit, can not escape liability by engaging an independent contractor to carry on such operation for him. The rule sought by defendant would extend that exception by refusing to let such independent contractor escape liability by engaging another independent contractor to carry on the operation for which he had independently contracted with the permit holder.
The General Assembly has seen fit to except the plaintiff herein from the category of a “private motor carrier” and has relieved him from the necessity of having a permit of his own so long as his privately owned vehicle is employed or used by a private motor carrier. The majority opinion reasons that, because plaintiff was not required to have a permit, he can not be liable for the negligent acts of his independent contractor. It is on this point that I part company with the majority.
The majority opinion assumes that “the real basis for this reason for imputing negligence of an independent contractor-driver to someone else, is a requirement of insurance from the permit holder, — not from anyone else.” I submit that the real basis for such imputation is the protection of the public against the acts of anyone whose activity is originated by the permit holder. Plaintiff is an indispensable link in the chain between the driver of the truck and the permit holder. This particular driver could not have hauled this particular load without two things — the permit of Mercure affixed to plaintiff’s truck and the contract between Mercure and plaintiff.
This court has effectively closed the door to a permit holder’s escaping liability by employing an independent contractor. I think it should similarly prevent such escape from liability by anyone in a chain of activity that is originated and can only be originated by the permit holder.
I recognize that such a holding would necessitate the en-grafting of another exception on the independent-contractor doctrine. However, in my opinion, the facts of this case and the practice of many in the trucking industry to obtain contracts and then delegate the hauling, which in turn is delegated and redelegated, sometimes to responsible and sometimes to irresponsible persons, warrant the engrafting of the exception.